UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICK MARTIN,

                         Plaintiff,

                                                   CIVIL CASE NO. 07-11405

v.

                                                   HONORABLE PAUL V. GADOLA

HANSON BRICK EAST, LLC,                U.S. DISTRICT COURT

                         Defendant.
_____/

## **ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

Now before the Court are Defendant's motion for summary judgment, filed November 17, 2007, the corresponding response and reply, the July 1, 2008 report and recommendation of Magistrate Judge R. Steven Whalen, Plaintiff's objections to the report and recommendation, and Defendant's response. Magistrate Judge Whalen's report and recommendation recommended Defendant's motion for summary judgment be granted.

The Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the report and recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72, that states, in relevant part:

**Resolving Objections**. The district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Here, because Plaintiff has filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

In the present case, Plaintiff has alleged that Defendant, his employer, has interfered with his rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and that Defendant has retaliated against him after he exercised his rights under the FMLA. Magistrate Judge Whalen concluded that summary judgment in favor of Defendant was appropriate on several grounds: (1) Plaintiff was not entitled to FMLA protection for the leave in question because he had not worked the requisite 1250 hours in the preceding year as required by statute; (2)

Defendant was not equitably estopped from disputing Plaintiff's entitlement to protection under the statute; (3) Plaintiff, even if eligible for FMLA leave under the statute, had already exhausted his allotment of FMLA leave; (4) Plaintiff could not have returned to work at the end of his leave and, therefore, was not entitled to FMLA protection; and (5) Plaintiff was unable to present evidence that Defendant's reasons for terminating Plaintiff's employment were pretextual. Plaintiff objects to each conclusion.

First, Plaintiff objects to the determination that Plaintiff was ineligible for FMLA leave because he had not worked the requisite 1250 hours during the one year period prior to the commencement of his leave. Plaintiff recognizes that "an eligibility determination can only be made once in a 12-month period with respect to all related intermittent absences, if all involve the same FMLA-qualifying serious health condition during the same 12-month FMLA leave year." Pl's Objs., p. 4 (citing *Adams v. Honda of Amer. Mfg., Inc.*, 111 Fed. Appx. 353 (6th Cir. May 19, 2004). Plaintiff argues that from May 16, 2005 to May 15, 2006, Plaintiff worked "a total of 1288.40 hours for the 12-month period prior to Plaintiff commencing his leave." Pl's Objs., p. 5. The obvious implication of Plaintiff's argument is that the June 11, 2006 leave was for the "same FMLA-qualifying serious health condition" as his May 2006 leave.

However, Plaintiff ignores the fact that FMLA eligibility determinations made prior to his June 11, 2006, were not for the same qualifying serious health condition; Plaintiff's June 11 leave was for his *own* condition while his previous leave was for his *son's* condition. Therefore, each leave that is based upon a different justification must separately meet the hours eligibility requirement. *See Adams*, 111 Fed. Appx. at 356. *See also Barron v. Runyon*, 11 F. Supp. 2d 676, 682 n.3 (E.D.

Va. 1998); DOL Opinion Letter FMLA-112, *available at* 2000 WL 33157366 (Sept. 11, 2000). As a result, there is no dispute that, examining 12-month period prior to June 11, 2006, Plaintiff had not worked the requisite 1250 hours to be eligible for protection under the FMLA. Therefore, although Plaintiff may have been eligible to continue to use leave based on his son's condition and using the May 16, 2006 FMLA eligibility determination date, he was not eligible to take FMLA leave for his own condition that arose on June 11, 2006.

Second, Plaintiff argues that Magistrate Judge Whalen incorrectly concluded that Defendant was not estopped from challenging Plaintiff's FMLA eligibility. Plaintiff argues that the theory of equitable estoppel is available in FMLA claims and that he has met each of the requirements. Therefore, according to Plaintiff, whether or not he was actually eligible, Defendant may not raise an eligibility argument at this time.

Plaintiff's argument on this point fails because he has not established each of the elements of equitable estoppel. *See Tregoning v. Amer. Comm. Mutual Ins. Co.*, 12 F.3d 79, 83 (6th Cir. 1993). In particular, Plaintiff cannot establish that he "relied upon [Defendant's] conduct 'in such a manner as to change his position for the worse.' " *Heckler v. Cmty. Health Serv. of Crawford County, Inc.*, 467 U.S. 51, 59 (1984)(citations omitted). Plaintiff seeks to rely upon Defendant's internal attendance calendar and upon statements made by one of Defendant's employees at an August 11, 2006 meeting for the proposition that he was informed that he was eligible for FMLA leave. However, Plaintiff could not have "changed his position for the worse" based upon either of these occurrences. With respect to the internal attendance calendar, Plaintiff fails to present any evidence that he ever saw the calendar prior to his termination. Indeed, Plaintiff was never at work

4

after May 15, 2006. As a result, he could not have seen, and therefore could not have relied upon the alleged classification of his June 11 leave as FMLA leave. Furthermore, Plaintiff cannot support a claim the he relied upon on statements made on August 11, 2006, by Defendant's representative in changing his position for the worse because that meeting was held after he was terminated from employment with Defendant. Accordingly, because Plaintiff cannot establish at least one of the elements necessary to support a theory of equitable estoppel, namely that he relied upon Defendant's conduct in such a manner that he changed his position for the worse, his objection on this ground fails.

Third, Plaintiff argues that Defendant is not allowed to count previous periods of leave– periods that were not originally counted as FMLA leave– as FMLA leave for the purpose of determining whether he had exhausted his 60 day leave allotment at the time in question. Plaintiff relies upon 29 C.F.R. § 825.208(c). This argument is without merit because § 825.208 was invalidated by implication in *Ragsdale v. Wolverine World Wide*, 535 U.S. 81, 90 (2002). *See, e.g., Wilson v. AZ Automotive Corp.*, 2007 WL 1017097, at *4 (E.D. Mich. Mar. 30, 2007)("Plaintiff's reliance on 29 C.F.R. § 825.208 cannot be supported because, as pointed out by Defendant, 29 C.F.R. § 825.208 is invalid."). As a result, properly calculated, Plaintiff had exceeded his 60 day allotment of FMLA leave at the time he was terminated.

Fourth, Plaintiff objects to Magistrate Judge Whalen's conclusion that he is not entitled to FMLA protection because he could not return to work by the end of the 60 days of leave. *See Edgar v. JAC Prod., Inc.*, 443 F.3d 501, 513 (6th Cir. 2006). Plaintiff argues that the evidence fails to demonstrate that he could not return to work in July, at the end of the leave.

The Court begins its analysis of this objection by noting that Magistrate Judge Whalen did not ground his recommendation to grant summary judgment in favor of Defendant on this basis. Instead, he concluded that Plaintiff, "had nonetheless exhausted his FMLA leave days at the time of his suspension. [Therefore,] the Court need not determine whether he was capable of returning to work before July 25, 2006." Report and Recommendation, p. 17. Continuing, Magistrate Judge Whalen stated, "Nonetheless, I note that Defendant has shown alternative grounds for dismissal on this basis." *Id.* After reviewing the evidence, the Court agrees.

Plaintiff, his girlfriend, and a union representative all indicated that Plaintiff was unable to work at the time in question due to his illness. Furthermore, the only evidence that Plaintiff offers to support a finding that he was able to return to work consists of Plaintiff's own affidavit, submitted in response to the motion for summary judgment, indicating that he could have returned to work if he knew that he had to do so. This affidavit, however, directly contradicts his previous deposition testimony that he was unable to return to work and therefore the Court will not consider the affidavit. *See Kesler v. Barris, Sott, Denn, & Driker, PLLC*, 482 F. Supp. 2d 886, 897 (E.D. Mich. 2007)(Gadola, J.)(citing *Aerel S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006) and *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986)). Furthermore, to the extent that Plaintiff speculates in the affidavit that he could have returned to work, speculation is not enough. *See Edgar*, 443 F.3d at 514; *Wilson*, 2007 WL 1017097, at *7. An employee's willingness to return and even a doctor's statement that an employee is preparing to return are insufficient to establish an actual ability to return. *Edgar*, 443 F.3d at 514. Moreover, Plaintiff's claim that he would have been able to return had it not been for the exacerbation of his symptoms due to the adverse action

6

taken by Defendant does not rest upon a viable theory under the FMLA. *Id.* at 516. As a result of the foregoing analysis, the Court rejects Plaintiff's fourth objection.

Finally, Plaintiff objects to the conclusion that, with respect to his retaliation claim, he is unable to show that Defendant's reasons for terminating him are pretextual. Although Plaintiff's objection centers on an alleged factual dispute surrounding Defendant's termination of Plaintiff for failing to receive and return FMLA paperwork, the Court need not reach that factual dispute. The Court has already determined that Plaintiff was not an eligible employee because he had not worked 1250 hours in the year preceding his leave and because he had exhausted his allotment of FMLA leave. Therefore, as an ineligible employee, Plaintiff cannot sustain a claim of retaliation, *Humenny v. Genex Corp.*, 390 F.3d 901, 905-06 (6th Cir. 2004), and his objection fails on that ground alone.

Accordingly, because Petitioner has filed objections to the report and recommendation, the Court has conducted a de novo review as to those portions. The Court has reviewed the claims and evidence that were before Magistrate Judge R. Steven Whalen and after such a review, for all the foregoing reasons, the Court finds that report and recommendation is sound. Plaintiff's objections will be overruled and the report and recommendation will be accepted and adopted as the order of the Court.

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's objections to the report and recommendation [docket entry #32] are **OVERRULED.**

**IT IS FURTHER ORDERED** that the report and recommendation [docket entry #31] is **ACCEPTED AND ADOPTED** as the opinion and order of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [docket

entry #17] is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated:   August 27, 2008              s/Sean F. Cox for
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on   August 27, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:      Steven J. Fishman; Julie A. Gafkay; Donald H. Scharg         .

                                                     s/Ruth A. Brissaud
                                                     Ruth A. Brissaud, Case Manager
                                                     (810) 341-7845